UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kanya Roblyer,<br><br>                              Plaintiff,<br><br>v.<br><br>Commissioner of Social Security,<br><br>                              Defendant. | Case No.:  3:26-cv-02832-H-MSB<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2] |

On May 4, 2026, Plaintiff Kanya Roblyer ("Plaintiff"), proceeding with counsel, filed a complaint seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits.  (Doc. No. 1.)  Along with her complaint, Plaintiff filed an application to proceed in forma pauperis ("IFP"), which is currently before the Court.  (Doc. No. 2.)

## I.    Request to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee.  28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir.

2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). A party need not be completely destitute to satisfy the IFP indigency threshold. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948). Rather, the determination of indigency falls within the district court's sound discretion. See Cal. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), rev'd on other grounds, 506 U.S. 194 (1993). To qualify for IFP status, a plaintiff must submit an affidavit showing that the applicant cannot pay the fee and "still be able to provide himself and dependents with the necessities of life." Id. at 339. The affidavit must "state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff submitted an affidavit reporting that she receives $475.00 per month from her parents. (Doc. No. 2 at 2.) She is unemployed and has no cash savings. (Id. at 2-3.) Plaintiff receives Medi-Cal and WIC Benefits. (Id. at 5.) Because Plaintiff has demonstrated she is unable to afford the filing fee, the Court grants Plaintiff's motion for leave to proceed IFP.

## II.    Sua Sponte Screening

Complaints filed by any person proceeding IFP are subject to mandatory screening by the Court under 28 U.S.C. § 1915(e)(2)(B). "Social Security appeals are not exempt from this screening requirement." Vaughn J. v. O'Malley, 2024 WL 3732480, at *2 (S.D. Cal. Aug. 8, 2024). Courts must sua sponte dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); Chavez v. Robinson, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal").

3:26-cv-02832-H-MSB

The Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C § 405(g) ("Supplemental Rules") govern the standard for screening complaints in the Social Security appeals context.  Fed. R. Civ. Proc. Supp. Soc. Sec. R. advisory committee's note; see also Vaughn J., 2024 WL 3732480, at *2 ("[I]n the context of a Social Security action, the Court applies the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) . . . to determine whether the Complaint states a claim for relief.") (citations omitted).

Supplemental Rule 2(b) sets forth the currently applicable minimum pleading requirements for Social Security complaints under these Supplemental Rules. See Fed. R. Civ. P. Supp. Soc. Sec. R. advisory committee's note ("Supplemental Rules 2, 3, 4, and 5 are the core of the provisions that are inconsistent with, and supersede, the corresponding rules on pleading, service, and presenting the action for decision."). The Rule requires that the complaint:

(A) state that the action is brought under § 405(g);

(B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;

(C) state the name and the county of residence of the person for whom benefits are claimed;

(D) name the person on whose wage record benefits are claimed; and

(E) state the type of benefits claimed.

Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A)–(E).  Additionally, Rule 2(b)(2) provides that the complaint "may include a short and plain statement of the grounds for relief." Id. at 2(b)(2) (emphasis added).

Here, Plaintiff's complaint (1) states the action is brought under 42 U.S.C. § 405(g), (Doc. No. 1, Compl. ¶ 1); (2) identifies the decision to be reviewed as the Administrative Law Judge's June 9, 2025 decision, (id. ¶¶ 2-3); (3) provides Plaintiff's name and last four digits of her social security number, and states that Plaintiff resides within San Diego County, (id. ¶¶ 1, 4-5); (4) specifies that the appeal refers to Plaintiff's own denied claim

3:26-cv-02832-H-MSB

for disability benefits, (id. ¶ 1); and (5) identifies supplemental security income on the basis of disability as the type of benefits claimed, (id.). Thus, upon due consideration, the Court finds that Plaintiff's complaint survives screening under 28 U.S.C. § 1915(e)(2)(B). See, e.g., Patricia Hermila C. v. Bisignano, 2025 WL 2941114, at *1 (S.D. Cal. Sept. 25, 2025) (finding plaintiff's complaint containing similar allegations survived § 1915(e) screening).

### III.  Conclusion

Based on the above, the Court grants Plaintiff's motion to proceed in forma pauperis.  (Doc. No. 2.)

**IT IS SO ORDERED.**

DATED:  June 3, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

4

3:26-cv-02832-H-MSB